*280 OPINION of the Court, by
Ch. J. Boyle.
■Kenton sold to Clark, Quirk’s pre-emption of 400 acres, and aSreed to procure an assignment to him from Quirk, Clark afterwards, on the 10th of December 1784, sold, the land to Pre wit for 350/. for which Prewit gave his k°nd payable the 1st of December following, and re-ceivef from Clark an obligation to convey. Kenton procured the assignment from Quirk to Clark, and the. iatter conveyed by deed with general warranty to Prewit. *281 Some years after, Clark having died, his administrator assigned the bond upen Piewit to Kenton, upon which suit has been brought and judgment recovered.
The judgment of eviction in a cafe to which K waa not a party and of which he had no notice, is.not evidence againit K that P waa evicted by title paramount to that derived from K.
Much lefs if the eviction was by an award under a fubmifllon to ar bitraliun made by P without the knowledge or content of R.
" To injoin proceeding upon the judgment Prewit filed his bill, making Kenton and Clark’s administrator and heirs defendants. The grounds alleged for relief are— 1st, That after he had made his purchase, discovering that Kenton Had another entry upon the same land, he remonstrated with Clark upon the subject, who there* Upon procured from Kenton a bond to assign the entry, which Clark transferred to him, but Kenton has never made' the assignment. 2d, That Stewart’s heirs, having an adverse claim to a part of the land, instituted suit against him; which was referred to arbitrators, and that award and decree in pursuance thereto were pro-need against him for 144- acres. And 3d, That he made sundry payments upon the bond for the pur-fchase money, for which he had not been allowed- a cre-clit. -
The court below dismissed the bill with co.sts, and Prewit has appealed to this court.
With respect to the first ground Upon which relief is sdught, it is admitted that Kenton gave the bond to assign the entry interfering with Quirk’s pre-emption, and that he has not made the assignment. But the plain object of the transaction was to secure Prewit from being harrassed or having his land taken by that claim. This object, notwithstanding the failure of Kenton to make the iissignment, has in effect been attained : for neither Kenton nor any one claiming the entry has ever set up a title under it; and as it sufficiently appears never to have been surveyed, the right by operation of law has become extinct and cannot be resuscitated. . Besides, it does not appear that Kenton received any new dr additional consideration for the assignment of the entry in question : indeed the contrary is clearly inferable from the record, and no special injury is alleged to have accrued to Prewit from Kenton’s failure to make the assignment. Under these circumstances nominal da-htages only could be recovered in an action at law upon fee bond ; and iri such case a court-of equity ought not to interpose, especially where as in this instance there is a-eíeár and adequate remedy at law.
Payments made are Cub-jefts of equitable jufifuirSioTt, and where thefe payments con-fift of -various fums at different times, con lenience requires that they be referred to a commifiionei to adjúft & report the balancease
The second ground upon which relief is sought, we think equally untenable. It Was settled in the case of Booker vs. Bell, (ante, p. 175) that to entitle the ven-dee to recover upon the covenant of warranty, he must shew an eviction by a paramount title ; and ihat a judgment of eviction in a suit to which the vendor was not a party, and of the pendency of which he had no notice, was no evidence against him that the eviction was had under such a title. If this doctrine be correct with re-'' spect to a judgment of a court obtained in the ordinary course of legal proceeding, without the intervention of arbitrators, much more must it be so with regard to a judgment had upon the award of arbitrators chosen by the vendee and the adverse claimant, without the knowledge or consent of the vendor. To suppose in such a' case the decision to be obligatory upon the vendo.12, would be wholly unwarranted by any rule of law%r, principle of natural justice. We are not, however, to be understood as deciding that the vendee cannot in any' case of eviction by a judgment or decree in pursuancei of the award of arbitrators, recover an indemnity against, the vendor. But it is clear that to enable him to do so where the vendor has not been a party to the record, he must shew that the eviction is such an one as the law would have pronounced, or in other words that the right of the adverse claimant was paramount to that under which he claimed. In the present case ihis has not been done. The record does not furnish such evidence of the conflicting tides as to enable the court to decide Upon their comparative merits.
Upon the third ground we are of dpinion the court below erred in not sustaining the bill. Payments to a considerable amount are credited upon the judgment at law, but there appears to have been others made by Pre wit, for which he has not been allowed a credit.. As the payments have been made at sundry times, and in sums of various size, convenience requires that a commissioner should be appointed for their adjustment. When adjusted, the injunction should be made perpetual for the amount beyond what has been credited upon the judgment at law, and dissolved for the residue of the judgment unpaid, with tea per cent, damages.
It is therefore decreed and ordered that the decree of the Lincoln circuit court be reversed and set aside, *283 and that the cause be remanded to that court, in order that a decree may be there entered conformably to the foregoing opinion,